1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9             NORTHERN DISTRICT OF CALIFORNIA
10
11  MICHAEL SALISBURY,            )
                                  )
12          Plaintiff(s),         )    No. C06-2993 MMC (BZ)
                                  )
13      v.                        )    **ORDER GRANTING PLAINTIFF**
                                  )    **RELIEF FROM ADMISSIONS**
14  DETECTIVE MICHAEL WARD, et    )
    al.,                          )
15                                )
            Defendant(s).         )
16                                )
    _____ )
17

18      By Order dated March 26, 2007, the Honorable Maxine M.

19  Chesney referred all discovery disputes in this matter to me.

20  By Order dated June 8, 2007, Judge Chesney directed plaintiff

21  to notice before me any motion for relief from admissions

22  pursuant to Federal Rule of Civil Procedure 36(b).  Plaintiff

23  filed his motion for relief from admissions, and defendants

24  filed an opposition.  For the reasons stated, I **GRANT**

25  plaintiff's request for relief.

26      The essential fact are not in dispute.  On January 11,

27  2007, defendants served on plaintiff requests for admission,

28  requests for production of documents and interrogatories.

1  Simpich Decl. ¶ 3, Exh. 1-A.  Plaintiff's responses to the

2  requested admissions were due thirty days after service.  Fed.

3  R. Civ. P. 36(a).  In e-mail exchanges occurring between

4  February 27 and 28, plaintiff's counsel, William Simpich,

5  requested that defendants re-send their discovery requests,

6  explaining that the documents had been misplaced.  Id. at ¶¶

7  4-5, Exhs. 2-3.  He also requested additional time to respond

8  to the discovery.  Id. at ¶ 5, Exh. 3.  Defendants' counsel,

9  Tricia Hynes, refused to stipulate to acceptance of late

10  responses to the requested admissions but agreed to give

11  plaintiff seven additional days to reply to the remaining

12  discovery.[1]  Id. at ¶ 6, Exh. 4.

13      Over the ensuing weeks, defendants pursued the completion

14  of discovery via a number of motions noticed before me.[2]

15  Simpich again asked defendants to stipulate to allow late

16  admissions responses.  Hynes refused.  Id. at ¶ 9.  Simpich

17  attempted to e-mail all pending responses to Hynes on April

18  23.[3]  Inadvertently, however, Simpich e-mailed to defendants

19  only the response to production of documents.  The remainder

20

21  _____

22      [1]   On the e-mail, Hynes explained that requests for
    admissions were "deemed statutorily and automatically
    admitted," and that defendant "can't stip to the responses."
23  Hynes also suggested that plaintiff consider settling the
    matter - a suggestion that Simpich claims upset him greatly.
24  See Simpich Decl. ¶ 6, Exh. 4.

25      [2]   Indeed, I ultimately sanctioned plaintiff for his
    failure to timely respond to the discovery requests.  See
26  Docket No. 93.

27      [3]   Upon receipt of Simpich's April 23 e-mail, Hynes
    informed Simpich again that she would not accept the late-
28  filed responses to the requests for admissions.  Simpich Decl.
    ¶ 12, Exh. 6.

1  was e-mailed some two weeks later.  Thus, it wasn't until

2  late-April or early-May that plaintiff served its responses to

3  defendants' January discovery requests.  See id. at ¶¶ 11-13.

4  Plaintiff included substantive responses to defendants'

5  requests for admissions and interrogatories.  See id. at ¶ 3,

6  Exh. 1-B.

7       Pending before Judge Chesney is defendants' motion for

8  summary judgment.  Arguing in part that he needed time to

9  pursue Rule 36(b) relief, and pursuant to Rule 56(f),

10  plaintiff was granted an extension of time to file his

11  opposition.  See Docket No. 108.  Trial in this matter has

12  been set for September 4, 2007.  See Docket No. 33.  Fact

13  discovery closed March 23, 2007.  Id.

14       When a party fails to timely respond to requests for

15  admission, those requests are automatically deemed admitted.

16  See Fed. R. Civ. P. 36(a).  "Any matter admitted under this

17  rule is conclusively established unless the court on motion

18  permits withdrawal or amendment of the admission."  Fed. R.

19  Civ. P. 36(b).  Withdrawal or amendment is appropriate when

20  (1) presentation of the merits of the action is furthered, and

21  (2) the party who obtained the admission will not be

22  prejudiced in maintaining the action or defense on the merits.

23  See Fed. R. Civ. P. 36(b)).  "[A] district court must

24  specifically consider both factors under the rule before

25  deciding a motion to withdraw or amend admissions."  Conlon v.

26  United States, 474 F.3d 616, 622 (9th Cir. 2007).  Rule 36(b),

27  however, is permissive with respect to withdrawal.  Id. at

28  621.

1    "'The first half of the test in Rule 36(b) is satisfied

2    when upholding the admissions would practically eliminate any

3    presentation of the merits of the case.'" <u>Conlon</u>, 474 F.3d at

4    622 (quoting <u>Hadley v. United States</u>, 45 F.3d 1345, 1348 (9th

5    Cir.1995)).  Here, many of the admissions go directly to core

6    issues in the litigation, including the ultimate question of

7    liability.  <u>See</u> Simpich Decl. ¶ 3, Exh. 1-A (Defendant's

8    Request for Admissions), at Request No. 1 (admits that

9    plaintiff suffered no damages as a result of the incident);

10   <u>id.</u> at Request No. 4 (admits that plaintiff has no facts to

11   support his Fourth Amendment claim); <u>id.</u> at Request No. 5

12   (admits that plaintiff has no facts to support his claim based

13   on Cal. Civ. Code § 52.1); <u>id.</u> at Request No. 6 (admits that

14   plaintiff has no facts to support his claim that defendants

15   conspired to deprive him of his civil rights).  Thus, the

16   first prong of the Rule 36(b) test is met.

17       As to the second prong, defendants have the burden of

18   establishing that they will be prejudiced if the admissions

19   are withdrawn.  <u>Conlon</u>, 474 F.3d at 622.  "The prejudice

20   contemplated by Rule 36(b) is 'not simply that the party who

21   obtained the admission will now have to convince the

22   factfinder of its truth.'"  <u>Hadley</u>, 45 F.3d at 1348 (quoting

23   <u>Brook Village North Associates v. Gen. Elec. Co.</u>, 686 F.2d 66,

24   70 (1st Cir. 1982)).  "'Rather, it relates to the difficulty a

25   party may face in proving its case, e.g., caused by the

26   unavailability of key witnesses, because of the sudden need to

27   obtain evidence' with respect to the questions previously

28   deemed admitted."  <u>Id.</u>  A lack of discovery, without more,

4

1   does not constitute prejudice.  <u>Conlon</u>, 474 F.3d at 624.

2   Prejudice is more likely to be found where the motion for

3   withdrawal is made during trial or when a trial is imminent.

4   <u>See</u> <u>Conlon</u>, 474 F.3d at 624; <u>Hadley</u>, 45 F.3d at 1348.

5        Defendants complain that plaintiff inexplicably waited

6   several months before seeking relief from his admissions, and

7   that the delay has substantially prejudiced their case.  In

8   particular, defendants aver that their summary judgment motion

9   relies heavily on the admissions; that they did not take

10  "extensive discovery" on the admitted matters; and that

11  granting the plaintiff's motion would likely require re-

12  opening fact discovery and reassessment by their experts at

13  great cost to defendants.  Defendants, however, fail to point

14  to specific evidence or testimony that is now inaccessible.

15  Simply because defendants may have to reassess their motion

16  for summary judgment or their experts' opinions does not

17  demonstrate that they will be unduly prejudiced in proving up

18  their case on the merits.

19       Moreover, defendants have known at least from the time

20  they received plaintiff's interrogatory answers that each of

21  the five contested admissions would be denied.  For example,

22  defendants' Interrogatory No. 8 asked plaintiff to describe

23  his damages, which he did in his answer.  <u>See</u> Simpich's Decl.

24  ¶ 3, Exh. 1-B.  At the same time as defendants propounded this

25  interrogatory, they requested plaintiff to "admit that you

26  suffered no damages as a result of the incident."  <u>See</u> <u>id.</u> at

27  Request for Admission No. 1.  From the record before me, the

28  court wonders for what proper purpose consistent with Rule 1,

1  defendants propounded this request for admission before the

2  interrogatory was answered.  In any event, they certainly knew

3  that plaintiff claimed he was damaged.  <u>See also</u> First Amended

4  Complaint for Damages (Docket No. 49), at 8 (describing

5  damages suffered by plaintiff).  It likewise appears that

6  plaintiff's interrogatory answers make clear that Requests for

7  Admissions No. 2, 4, 5, and 6 would be denied.

8       Had defendants propounded their Requests for Admission

9  after the interrogatories had been answered, without further

10  explanation I would likely have deemed many of them frivolous,

11  oppressive and sanctionable under Rule 37.  For purposes of

12  this motion, I find that the defendants have not established

13  that they were prejudiced by the failure to receive timely

14  responses to the Requests for Admission in dispute.

15      It is difficult to justify plaintiff's counsel's dilatory

16  approach to responding to defendants' discovery, a fact which

17  the court has noted on earlier occasions.  At times, I

18  condition an order granting a party relief from admissions on

19  the payment to the other party of its attorney's fees incurred

20  in opposing the motion.  I will not do so here because I do

21  not want to encourage the use of requests for admission as

22  defense counsel has used them.

23      The matters deemed admitted go directly to the core of

24  plaintiff's case.  Related discovery demonstrates that relief

25  from the admissions will further presentation of the merits of

26  the case.  Defendants have failed to establish the prejudicial

27  impact of the withdrawal of the admissions.  For these

28  reasons, and for those discussed above, plaintiff's motion is

1  **GRANTED.**  His automatic admissions are withdrawn, and his

2  late-filed responses are deemed operative.

3  Dated: July 2, 2007

4  _____

   Bernard Zimmerman

5  United States Magistrate Judge

6

7  G:\BZALL\-REFS\SALISBURY\RELIEF.ADMISSIONS.ORDER.wpd

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28